1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE
9

10   STANLEY MARCUS GALYEAN, et          CASE NO. C13-1570JLR
     al.,
11                                        ORDER GRANTING MOTION
                        Plaintiffs,       FOR RECONSIDERATION
12
               v.
13
     INTERNAL REVENUE SERVICE, et
14   al.,

15                      Defendants.

16                    **I.      INTRODUCTION**

17          Before the court is Plaintiff Stanley Marcus Galyean's motion for reconsideration

18   of the court's October 21, 2013, order dismissing his complaint with prejudice.[1]  (Mot.

19   _____

20          [1] Like the complaint, the caption of Mr. Galyean's motion for reconsideration recites that
     "Global Trust # 3, a Private Expressed Trust," is also a plaintiff.  (Compl. (Dkt. # 3) at 1.)  No
21   one, however, signed the complaint other than Mr. Galyean.  (*See* Compl. (Dkt. # 4) at 15.)  As
     the court has previously explained (*see* 9/20/13 Order (Dkt. # 7) at 1-2, n.1), Mr. Galyean, "as a
22   nonlawyer, cannot appear *in propia persona* in federal court as a trustee or as any kind of

ORDER- 1

1  (Dkt. # 16).)  The court has reviewed the motion, the balance of the record, and the

2  applicable law.  Being fully advised, the court GRANTS Mr. Galyean's motion as

3  discussed below.

4  ## II.     BACKGROUND

5       On September 4, 2013, Mr. Galyean filed a motion to proceed in forma pauperis

6  ("IFP") (Dkt. # 1).  On September 5, 2013, Magistrate Judge Mary Alice Theiler granted

7  Mr. Galyean's IFP motion, and his complaint was entered on the docket.  (*See* 9/5/13

8  Order (Dkt. # 3); Compl. (Dkt. # 4).)  Mr. Galyean has sued the Internal Revenue Service

9  ("IRS") and Steve Baker, an IRS Revenue Officer.  (*See generally* Compl. (Dkt. # 4).)

10 Mr. Galyean's complaint totals 256 pages and is filled with legal language and

11 conclusions.  (*See generally id.*)  He asserts few clear factual allegations.  (*See id.*)

12      In its September 20, 2013, order, the court liberally construed Mr. Galyean's pro

13 se complaint and concluded that he is involved in a dispute with the IRS concerning

14 unpaid taxes.  (9/20/13 Order (Dkt. # 7) at 2-3.)  In addition, the court noted that Mr.

15 Galyean is demanding that the IRS release certain "liens and levies" because he did "not

16 fall within the definition of a U.S. taxpayer."  (*Id.* at 3 (citing Compl. Ex. 3 at 28).)  The

17 court also noted that Mr. Galyean is asserting that both he "and his revenues are outside

18

19 representative of a trust."  *Zinnel v. Citimortgage, Inc.*, No. CIV S-10-2406 GEB DAD PPS,

20 2011 WL 4048517, at *8 (E.D. Cal. Sept. 9, 2011) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (affirming district court's order dismissing one

21 complaint without prejudice and striking another because nonlawyer trust had no authority to appear as an attorney for the trust)).  Although a nonlawyer may appear *in propria persona* on

22 his or her own behalf, the privilege is personal, and thus, Mr. Galyean has no authority to appear on behalf of other people or entities.  *Id.* (citing *C.E. Pope*, 818 F.2d at 697).

1    the indirect taxing authority of the United States" and that both he "and his revenues are

2    exempt from federal excise taxation because they are within the sole and exclusive

3    jurisdiction of the State." (*Id.* at 3-4 (citing Compl. Ex. 4 at 43-45).)  Finally, the court

4    noted that Mr. Galyean is seeking a declaratory judgment that he is not a taxpayer,

5    monetary relief against the IRS and Mr. Baker in amount of $8,012,400.96, monetary

6    relief in the amount of "$10,000.00 per week for posting and failing to remove all false

7    credit information," and other additional forms of relief.  (*Id.* at 4 (citing Compl. at 14-

8    15).)

9          Because Magistrate Judge Theiler had granted Mr. Galyean IFP status, the court

10   analyzed Mr. Galyean's complaint under the screening provisions of 28 U.S.C.

11   § 1915(e)(2).  (9/20/13 Order at 4-5.)  The court concluded that the basis underlying Mr.

12   Galyean's complaint is his assertion that he is not a taxpayer and his wages are not

13   income.  (*Id.* at 5.)  As the court pointed out, the Ninth Circuit and other courts have

14   repeatedly rejected this contention as frivolous.  (*Id.* at 5-6 (collecting cases).)

15   Accordingly, the court concluded that Mr. Galyean's complaint should be dismissed

16   under 28 U.S.C. § 1915(e)(2).  (*Id.* at 6-7.)  The court, nevertheless, gave Mr. Galyean an

17   opportunity to amend his complaint by granting him 20 days to file an amended

18   complaint that satisfied the pleading standard in federal court and corrected the

19   deficiencies noted in the court's order.  (*Id.* at 7.)  The court expressly warned that "[i]f

20   Mr. Galyean fail[ed] to timely comply with th[e] order or fail[ed] to file an amended

21   complaint that correct[ed] the noted deficiencies and [met] the required pleading

22   standards, the court w[ould] dismiss his complaint with prejudice." (*Id.*)

1    On September 26, 2013, the court's September 20, 2013, order, which had been

2 mailed to Mr. Galyean at the address he provided to the court, was returned to the clerk's

3 office. (*See* Dkt. # 8.) The envelope in which the order had been mailed was stamped

4 "RETURN TO SENDER," "NO SUCH NUMBER," "UNABLE TO FORWARD." (*See*

5 *id.*) When Mr. Galyean did not file an amended complaint within the time allotted by the

6 court's September 20, 2013, order, the court entered an order on October 21, 2013,

7 dismissing his complaint with prejudice and striking his pending motions as moot.

8 (10/12/13 Order (Dkt. # 10).) The court also entered judgment in conformity with its

9 October 21, 2013, order. (Judg. (Dkt. # 11).)

10    On October 29, 2013, Mr. Galyean filed a document entitled "Preliminary

11 Injunction Appeal," which the court construed as a notice of appeal regarding its October

12 21, 2013, order and judgment. (*See* Notice of Appeal (Dkt. # 12).) On October 31, 2013,

13 the Ninth Circuit Court of Appeals sent a referral notice to this court for the limited

14 purpose of determining whether in forma pauperis status should continue on appeal or

15 whether the appeal was taken in bad faith. (Referral Notice (Dkt. # 14).) Although Mr.

16 Galyean asserted in his notice of appeal that he had not received the court's September

17 20, 2013, order, he did not indicate that he had provided the court with his correct

18 mailing address. (*See generally id.*) In response to the Ninth Circuit's referral notice,

19 this court entered an order revoking Mr. Galyean's IFP status on appeal. (10/31/13 Order

20 (Dkt. # 15).)

21    On November 13, 2013, Mr. Galyean filed his present motion for reconsideration

22 of the court's October 21, 2013, order dismissing his complaint with prejudice and

ORDER- 4

judgment.  (*See generally* Mot.)  In his motion, Mr. Galyean indicates that the address on the envelope in which the court's September 20, 2013, order was mailed is his correct address and that, although he did not receive the court's September 20, 2013, order, he has received other correspondence from this court and the Ninth Circuit mailed to that address.  (*Id.* ¶¶ 6-7.)  He states that "[f]or whatever reason, the notice was not delivered to the Plaintiff[, and] [t]herefore it was impossible for Plaintiff to have knowledge of a need to amend his complaint to comply with court requirements."  (*Id.* at 4 (¶12).)

### III.    ANALYSIS

Because Mr. Galyean filed a notice of appeal on October 29, 2013, the court must first consider whether it has jurisdiction over Mr. Galyean's motion for reconsideration. As a general rule, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."  *See Natural Res. Defense Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).   Federal Rule of Appellate Procedure ("Appellate Rule") 4(a)(4)(B)(i) allows a district court to amend a judgment, even when a notice of appeal has been filed, in certain situations.  *See* Fed. R. App. P. 4(a)(4)(B)(i).  The Appellate Rule provides:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)— the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."

*Id.*  Appellate Rule 4(a)(4)(A) identifies several types of motions including motions to alter or amend the judgment under Federal Rule of Civil Procedure 59 and motions for relief from a judgment or order under Federal Rule of Civil Procedure 60.  *See* Fed. R.

1   App. P. 4(a)(4)(A)(iv), (vi).  The court liberally construes Mr. Galyean's motion as either

2   a motion for relief from judgment under Rule 59(e) or a motion for relief from a

3   judgment or order under Rule 60.[2]

4        Appellate Rule 4(a)(4)(B)(i) does not specify whether it operates when the motion

5   at issue is timely filed after the notice of appeal but is not pending at the time the notice

6   of appeal is filed.  *See* Fed. R. App. P. 4(a)(4)(B)(i).  Mr. Galyean filed his notice of

7   appeal on October 29, 2013 (Dkt. # 12), but did not file his present motion for

8   reconsideration until November 13, 2013 (Dkt. # 16).  The Transmittal Note to the 1993

9   Amendment to Appellate Rule 4(a)(4) states that a "notice [of appeal] filed *before* the

10  filing of one of the specified motions or *after* the filing of a motion but before the

11  disposition of the motion is, in effect, suspended until the motion is disposed of,

12  whereupon, the previously filed notice effectively places jurisdiction in the court of

13  appeals."  (Italics added).  Although the Ninth Circuit has not expressly addressed this

14  issue, "recent case law suggests that it would embrace the Advisory Committee's

15  interpretation of Appellate Rule 4(a)(4)."  *Yousefian v. City of Glendale*, No. CV 11-

16  03579, 2013 WL 948743, at *1 (C.D. Cal. Mar. 11, 2013) (citing *Crawford v. Kingdom

17  of Saudi Arabia*, No. CV 11-05206, 2012 WL 3638628, at *3 (N.D. Cal. Aug. 22, 2012)

18  (stating that Ninth Circuit held appeal in abeyance pending district court's resolution of a

19

20       [2] In order to get the benefit of Appellate Rule 4(a)(4), a Federal Rule of Civil Procedure
21  60 motion must be "filed no later than 28 days after judgment is entered."  Fed. R. App. P.
    4(a)(4)(A)(vi).  The court entered judgment on October 31, 2013.  (*See* Judg.)  Mr. Galyean's
22  filed his motion on November 13, 2013.  (*See* Mot.)  Thus, his motion was timely filed within the
    28-day period required by Appellate Rule 4(a)(4)(A)(vi).

ORDER- 6

1    post-judgment motion filed after the notice of appeal but within Rule 4(a)(4)'s 28-day

2    time period)).  Thus, the court concludes that, pursuant to Appellate Rule 4(a)(4), Mr.

3    Galyean's notice of appeal is in abeyance, and the court has jurisdiction to consider Mr.

4    Galyean's motion for reconsideration.  *See also Miller v. Marriott Int'l, Inc.*, 300 F.3d

5    1061, 1064 (9th Cir. 2002) ("Under [Appellate] Rule 4(a)(4)(A), the [plaintiffs'] Rule

6    60(b) motion prevented the [plaintiffs'] notices of appeal from becoming effective until

7    the district court rules on the merits of those motions.").

8         Although Mr. Galyean does not specify the procedural basis for his motion for

9    reconsideration, it could be liberally construed as a motion under Federal Rules of Civil

10   Procedure 59(e),[3] 60(a),[4] or 60(b).[5]  He asks the court (1) to reconsider its October 21,

11   2013, order dismissing his complaint with prejudice, and (2) to permit him an opportunity

12   to respond to the court's September 20, 2013, order by filing an amended complaint

13   correcting the deficiencies described in the court's order.  (*See generally* Mot.)  Mr.

14   _____

15        [3] Rule 59(e) provides that a court may alter or amend a judgment.  Fed. R. Civ. P. 59(e).
     Absent "other, highly unusual, circumstances," reconsideration pursuant to Rule 59(e) is
16   appropriate only where (1) the court is presented with newly discovered evidence; (2) the court
     committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening
17   change in controlling law.  *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255,
     1263 (9th Cir. 1993).

18        [4] Rule 60(a) allows the court to correct, on its own initiative or on the motion of any
     party, a clerical mistake in a judgment, order, or other part of the record.  Fed. R. Civ. P. 60(a).
19   A court may amend its decision under Rule 60(a) so long as the change is consistent with the
     court's original intent.  *Harman v. Harper*, 7 F.3d 1455, 1457 (9th Cir. 1993).

20        [5] Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding
21   for six reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
     evidence; (3) fraud, misrepresentation, or other misconduct by the opposing party; (4) the
22   judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) any other
     reason justifying relief.  Fed. R. Civ. P. 60(b).

1    Galyean's motion indicates that the court's September 20, 2013, order was sent to his

2    correct address but nevertheless was apparently mistakenly returned by the postal service

3    to the clerk's office.  (*See generally* Mot.; *see also* Dkt. # 8 (posting a photocopy of the

4    envelope in which the court's order was mailed to Mr. Galyean's address, but

5    subsequently returned to the clerk's office by the postal service stamped "RETURN TO

6    SENDER," "NO SUCH NUMBER," "UNABLE TO FORWARD").)  As a result, Mr.

7    Galyean did not have an opportunity to timely file an amended complaint that corrected

8    the deficiencies noted in the court's September 20, 2013, order.  (*Id.* at 2, 7-8.)  This is a

9    sufficient basis to establish good cause for granting relief from the judgment under the

10   Federal Rules of Civil Procedure.  *See, e.g.*, *Burton v. Barnes*, No. 2:13-cv-0169-EFB P,

11   2013 WL 4478917, at *1 (E.D. Cal. Aug. 20, 2013) (Plaintiff prisoner, whose action was

12   dismissed because was unable to timely respond to court's order because he was in

13   administrative segregation and therefore could not timely respond to the court's order

14   established good cause for relief from judgment under Rule 60(b)).  The court, therefore,

15   GRANTS Mr. Galyean's motion for reconsideration.

16                              **IV.    CONCLUSION**

17          Based on the foregoing, the court ORDERS:

18          (1)  Mr. Galyean's motion to reconsider the court's October 21, 2013, order

19   dismissing his complaint with prejudice (Dkt. # 16) is GRANTED;

20          (2)  The court's October 21, 2013, order and the accompanying judgment (Dkt.

21   ## 10, 11) are VACATED;

22

1       (3)  The court DIRECTS the clerk of court to reopen this matter and mail another

2  copy of the court's September 20, 2013, order (Dkt. # 7) to Mr. Galyean, along with a

3  copy of this order;

4       (4)  Mr. Galyean shall, within 30 days of the date of this order, file an amended

5  complaint that complies with the court's September 20, 2013, order by satisfying the

6  federal court pleading standard and correcting the deficiencies of his complaint described

7  therein.  If Mr. Galyean fails to timely comply with this order, the court may dismiss his

8  complaint with prejudice.

9       Dated this 2nd day of December, 2013.

10

11

12                                       JAMES L. ROBART

13                                       United States District Judge

14

15

16

17

18

19

20

21

22

ORDER- 9