1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

STANLEY MARCUS GALYEAN,

CASE NO. C13-1570JLR

11

Plaintiff,

ORDER DISMISSING AMENDED
COMPLAINT WITH PREJUDICE

12

v.

13

INTERNAL REVENUE SERVICE, et
al.,

14

Defendants.

15

## I.    INTRODUCTION

16

17

Before the court is Plaintiff Stanley Marcus Galyean's amended complaint.  (Am.

Compl. (Dkt. # 18).)  Because Mr. Galyean's amended complaint, like his original

18

complaint, fails to state a claim upon which relief may be granted, the court DISMISSES

19

his complaint WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

20

//

21

//

22

ORDER- 1

## II.    BACKGROUND

On September 20, 2013, the court dismissed Mr. Galyean's original complaint (Compl. (Dkt. # 4)) under 28 U.S.C. § 1915(e)(2) because it was "rife with legal conclusions but nearly devoid of factual allegations" (9/20/13 Order (Dkt. # 7) at 2) and BECAUSE the basis of his claim that he is not a taxpayer and that his wages are not income has been repeatedly rejected by the Ninth Circuit Court of Appeals and other courts (*see id.* at 5-6 (citing cases).)  Recognizing Mr. Galyean's pro se status, however, the court granted him leave to file an amended complaint within 20 days that satisfied the pleading standard in federal court and corrected the deficiencies identified in the court's September 20, 2013, order.  (*Id.* at 6-7.)  The court expressly warned Mr. Galyean that if he failed to timely comply with the court's order or failed to file an amended complaint that met the pleading standard, the court would dismiss his complaint with prejudice.  (*Id.* at 6.)

Because Mr. Galyean failed to file an amended complaint within twenty days, on October 21, 2013, the court dismissed his complaint with prejudice.  (10/21/13 Order (Dkt. # 10).)  Mr. Galyean filed a notice of appeal on October 29, 2013.  (Notice (Dkt. # 12).)  On November 13, 2013, he filed a motion seeking reconsideration of this court's prior ruling dismissing his complaint with prejudice.  (Mot. for Recon. (Dkt. # 16).)  Mr. Galyean asserted that because the court's original September 20, 2013, order dismissing his complaint, but granting him leave to amend, had been returned to the clerk's office, he was unaware of the court's order and therefore could not timely comply.  (*See id.*)

1   The court concluded that, despite Mr. Galyean's notice of appeal, the court had

2   jurisdiction to consider his motion for reconsideration pursuant to Federal Rule of

3   Appellate Procedure 4(a)(4).  (12/2/13 Order (Dkt. # 17) at 5-7.)  After considering Mr.

4   Galyean's motion, the court granted it because there was evidence on the docket

5   (consistent with his assertion) that he had not received the court's September 20, 2013,

6   order dismissing his complaint with leave to amend.  (*See* 12/2/13 Order (Dkt. # 17) at 8

7   (citing Dkt. # 8, which attaches a copy of envelope indicating that the court's September

8   20, 2013, order had been returned to the clerk's office without delivery to Mr. Galyean).)

9   The court also directed the clerk's office to resend him a copy of the court's September

10  20, 2013, order, and granted him an additional 30 days to file an amended complaint.  (*Id.*

11  at 8-9.)

12      On December 4, 2013, Mr. Galyean filed his amended complaint, which the court

13  considers now.  (*See* Am. Compl.)  Like his original complaint, Mr. Galyean's amended

14  complaint is nearly devoid of factual allegations.  He alleges that "[t]he [Internal Revenue

15  Service] has presented no evidence that [he] received taxable income for the years 1999

16  to 2013, or any other year for that matter," and that the IRS "failed to verify the tax

17  allegedly owed by Plaintiff . . . ."  (*Id.* ¶ 11.)  He also alleges that he received no taxable

18  income, that "the IRS . . . fraudulently filed liens and levies against [him] in the county

19  records and with the credit reporting agencies," and that he has been injured.  (*Id.* ¶¶ 12,

20  15.)

21      In Mr. Galyean's amended complaint, he expressly incorporates the attachments to

22  his original complaint that assert the basis of his claim that he is not a taxpayer and that

ORDER- 3

1   his wages are not income.  (*See* Am. Compl. at 5 (¶¶ 1-2) (incorporating and/or

2   referencing the "Certificate of Dishonor," "True Bill" and "International Commercial

3   Claim Number RE 302 641 331 US"); *see also* Compl. (Dkt. 4) Ex. 3 (Dkt. # 4-3) at 28

4   (demanding that the IRS release its "liens and levies" because Mr. Galyean "does not fall

5   within the definition of a U.S. taxpayer"); *id.* Ex. 4 (Dkt. # 4-4) at 43-45) (asserting that

6   "both Mr. Galyean and his revenues are outside the indirect taxing authority of the United

7   States").)  Mr. Galyean also expressly reiterates his assertion that "[a]ll taxes presently

8   found in the Internal Revenue Code are indirect taxes," and therefore "[a]ccording to

9   Supreme Court rulings, [he] does not have any taxable income on wages."  (Am. Compl.

10   at 5-6 (¶¶ 4-6).)

11          In addition to the foregoing, Mr. Galyean's amended complaint, like his original

12   complaint, is rife with legal conclusions and often incomprehensible legalese.  (*See*

13   *generally* Am. Compl.)  His amended complaint contains many pages alleging the

14   unreliability of the IRS's computer records based on alleged findings by the General

15   Accounting Office ("GAO"), but makes no specific allegations connecting these

16   assertions to his own claim.  (*See id.* at 6-25.)  His amended complaint also expounds

17   upon the evidentiary foundation that allegedly must be laid before such records are

18   deemed admissible in court (*see id.*) and contains many other pages of generally

19   incomprehensible, disjointed legal jargon (*see id.* at 25-37).

20          Finally, Mr. Galyean seeks a declaratory judgment that he "is not a taxpayer as

21   defined in the code."  (*Id.* at 37 (Prayer for Relief ¶ 2).)  He also seeks monetary relief in

22   the amount of $8,012,400.96 against the IRS, $8,012,400.96 against Defendant Steve

ORDER- 4

1 | Baker, who is apparently an IRS agent, $10,000.00 per week for posting and failing to

2 | remove false credit information with credit agencies, all of his legal fees and expenses,

3 | and other relief.  (*Id.* at 37-38 (Prayer for Relief).)

4 | ### III.    ANALYSIS

5 | As the court has previously stated, because Mr. Gaylean has in forma pauperis

6 | ("IFP") status under 28 U.S.C. § 1915(a), the sufficiency of his complaint is subject to

7 | the court's screening under 28 U.S.C. § 1915(e)(2).   Under 28 U.S.C. § 1915(e), the

8 | district court must dismiss a case "at any time" it determines a complaint is frivolous or

9 | fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); *see also* 28

10 | U.S.C. § 1915A(b)(1).[1]

11 | A plaintiff must "plead a short and plain statement of the claim showing that the

12 | pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must be sufficient to

13 | "give the defendant fair notice of what the plaintiff's claim is and the grounds upon

14 | which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Under the pleading standards

15 | set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp v. Twombly*,

16 | 550 U.S. 544 (2007), it is not enough that a claim to relief be merely "possible" or

17 | "conceivable;" instead, it must be "plausible on its face."  *Iqbal*, 556 U.S. at 678 (quoting

18 | *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

19 | factual content that allows the court to draw the reasonable inference that the defendant is

20 |

21 |

22 |    [1] Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

1  liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  This standard

2  is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility

3  that a defendant has acted unlawfully." *Id.*  To cross the threshold from conceivable to

4  plausible, a complaint must contain a sufficient quantum of "factual matter" alleged with

5  a sufficient level of specificity to raise entitlement to relief above the speculative level.

6  *Twombly*, 550 U.S. at 555.

7      The court must accept as true all "well-pleaded factual allegations" in the

8  complaint.  *Iqbal*, 556 U.S. at 679.  However, the court is not bound to accept as true

9  labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as

10  factual allegations.  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265,

11  286 (1986)).  As the Supreme Court said in *Iqbal*, a complaint must do more than tender

12  "'naked assertions' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678

13  (quoting *Twombly*, 550 U.S. at 557).

14      Mr. Galyean's amended complaint, like his original complaint, fails to meet the

15  foregoing standards.  First, under the foregoing standards, the court need not credit the

16  myriad pages of legalese couched as factual allegations in Mr. Galyean's amended

17  complaint.  His forty-page amended complaint (which also incorporates large portions of

18  his inadequately pleaded original complaint) is nearly devoid of factual allegations.  The

19  few actual factual allegations that the court gleaned from Mr. Galyean's amended

20  complaint, which are set forth above, are insufficient to state a claim under the foregoing

21  *Iqbal/Twombly* standards.  Mr. Gaylean has simply tendered "naked assertions" of IRS

22  misconduct.  *See Twombly*, 550 U.S. at 557.  He fails to allege where the wrongful claim

1    for unpaid taxes was made, how much the IRS claimed, and or where the allegedly

2    wrongful liens were filed or upon what property.  Except for the frivolous assertion that

3    neither he nor his wages are subject to federal income taxation (*see* 9/20/13 Order at 5-6

4    (citing cases)), he fails to allege any facts explaining why the IRS tax assessments that

5    are apparently at issue are invalid.  Without "further factual enhancement," the court

6    cannot conclude that Mr. Galyean's claim is "plausible on its face" or draw the

7    reasonable inference based on Mr. Galyean's allegations that the IRS is liable for any

8    alleged misconduct.  *See Twombly*, 550 U.S. at 557;  *Iqbal*, 556 U.S. at 678.  This is

9    particularly so in light of Mr. Galyean's continued reliance upon theories related to

10   federal income taxation that the court expressly rejected as frivolous in its September 20,

11   2013, order.  (9/20/13 Order at 3-5.)

12           In both its September 20, 2013, order, as well as in its December 2, 2013, order,

13   the court warned Mr. Galyean that failure to file an amended complaint that corrected the

14   deficiencies in his original complaint and met the required pleading standard in federal

15   court would result in dismissal of his action with prejudice.  As detailed above, Mr.

16   Galyean's amended complaint incorporates the very theories that the court rejected as

17   frivolous in its prior order and otherwise fails to meet the required pleading standard.

18   Accordingly, the court dismisses Mr. Galyean's action with prejudice.

19   //

20   //

21   //

22   //

ORDER- 7

1

#### IV.    CONCLUSION

2          Based on the foregoing, the court DISMISSES Mr. Galyean's amended complaint

3  and this action WITH PREJUDICE.

4          Dated this 6th day of December, 2013.

5

6

7          _____

8          JAMES L. ROBART
           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22