UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY MARCUS GALYEAN, | CASE NO. C13-1570JLR |
| Plaintiff, | ORDER |
| v. | |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | |

## I. INTRODUCTION

Before the court is *pro se* Plaintiff Stanley Marcus Galyean's second motion for reconsideration (2d Mot. for Recon. (Dkt. # 22)). On November 13, 2013, Mr. Galyean filed his first motion for reconsideration of the court's October 21, 2013, order dismissing his original complaint. (1st Mot. for Recon. (Dkt. # 16).) The court granted Mr. Galyean's motion and permitted him an opportunity to file an amended complaint. (12/2/13 Order (Dkt. # 17).) On December 4, 2013, Mr. Galyean filed an amended

ORDER- 1

complaint (Am. Compl. (Dkt. # 18)), and on December 6, 2013, the court dismissed his amended complaint with prejudice (12/6/13 Order (Dkt. # 19)).  Mr. Galyean now moves for reconsideration of both the court's original order dismissing his complaint (10/21/13 Order (Dkt. # 10)), as well as its subsequent order dismissing his amended complaint (12/6/13 Order).  (*See* 2d Mot. for Recon. at 2 ("Plaintiff petitions the court for reconsideration of the Order to Dismiss by the court on Octoer 21, 2013 and December 6, 2013").)  The court has reviewed Mr. Galyean's motion, the balance of the record, and the applicable law.  Being fully advised, the court DENIES Mr. Galyean's motion as discussed below.

## II.     BACKGROUND

On September 20, 2013, the court dismissed Mr. Galyean's original complaint (Compl. (Dkt. # 4)) under 28 U.S.C. § 1915(e)(2) because it was "rife with legal conclusions but nearly devoid of factual allegations" (9/20/13 Order (Dkt. # 7) at 2) and because the basis of his claim that he is not a taxpayer and that his wages are not income has been repeatedly rejected by the Ninth Circuit Court of Appeals and other courts (*see id*. at 5-6 (citing cases)).  Recognizing Mr. Galyean's *pro se* status, however, the court granted him leave to file an amended complaint within 20 days that satisfied the pleading standard in federal court and corrected the deficiencies identified in the court's September 20, 2013, order.  (*Id.* at 6-7.)  The court expressly warned Mr. Galyean that if he failed to timely comply with the court's order or failed to file an amended complaint that met the pleading standard, the court would dismiss his complaint with prejudice.  (*Id.* at 6.)

Because Mr. Galyean failed to file an amended complaint within 20 days, on October 21, 2013, the court dismissed his complaint with prejudice. (*See generally* 10/21/13 Order.) Mr. Galyean filed a notice of appeal on October 29, 2013. (Not. of App. (Dkt. # 12).) On November 13, 2013, he filed a motion seeking reconsideration of this court's prior ruling dismissing his complaint with prejudice. (1st Mot. for Recon. (Dkt. # 16).) Mr. Galyean asserted that because the court's original September 20, 2013, order dismissing his complaint but granting him leave to amend had been returned to the clerk's office, he was unaware of the court's order and therefore could not timely comply. (*See id.*)

The court concluded that, despite Mr. Galyean's notice of appeal, the court had jurisdiction to consider his motion for reconsideration pursuant to Federal Rule of Appellate Procedure 4(a)(4). (12/2/13 Order at 5-7.) After considering Mr. Galyean's motion, the court granted it because there was evidence on the docket (consistent with his assertion) that he had not received the court's September 20, 2013, order dismissing his complaint with leave to amend. (See 12/2/13 Order at 8 (citing Dkt. # 8, which attaches a copy of envelope indicating that the court's September 20, 2013, order had been returned to the clerk's office without delivery to Mr. Galyean).) The court also directed the clerk's office to resend him a copy of the court's September 20, 2013, order, and granted him an additional 30 days to file an amended complaint. (*Id.* at 8-9.)

On December 4, 2013, Mr. Galyean filed his amended complaint in a timely manner pursuant to the court's order granting him reconsideration of its earlier dismissal. (See Am. Compl.) On December 6, 2013, the court dismissed Mr. Galyean's amended

complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2).  (*See generally* 12/6/13 Order.)  The court noted that Mr. Galyean's amended complaint, like his original, was nearly devoid of factual allegations and failed to meet the standards delineated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  (12/6/13 Order at 6.)  The court also noted that Mr. Galyean continued to rely in his amended complaint upon theories related to federal income taxation that the court expressly rejected as frivolous in its earlier September 20, 2013, order.  (*Id.* at 7 (citing 9/20/13 Order).)  Because Mr. Galyean had failed to correct the deficiencies noted by the court with respect to his original complaint (*see* 9/20/13 Order), the court dismissed Mr. Galyean's amended complaint with prejudice.  (12/6/13 Order at 7-8.)  On December 6, 2013, the court entered judgment dismissing Mr. Galyean's complaint.  (Judg. (Dkt. # 20).)

On December 24, 2013, the Ninth Circuit dismissed Mr. Galyean's appeal with respect to the court's first order dismissing his complaint.  (*See* 9th Cir. Mandate (Dkt. # 21).)  The Ninth Circuit concluded that it lacked jurisdiction over Mr. Galyean's appeal because the court had granted Mr. Galyean's motion for reconsideration with respect to the court's first order of dismissal.  (*Id.*)

On January 28, 2014, Mr. Galyean filed the present motion for reconsideration.  (*See generally* 2d Mot. for Recon.)  In this motion, Mr. Galyean once again seeks reconsideration of the court's order dismissing his original complaint, as well as the court's order dismissing his amended complaint.  (*See id.* at 2.)

//

### III.  ANALYSIS

Although Mr. Galyean does not specify the procedural basis for his motion for reconsideration, it could be liberally construed as a motion under Federal Rules of Civil Procedure 59(e),[1] 60(a),[2] or 60(b).[3]  He asks the court (1) to reconsider its October 21, 2013, order dismissing his original complaint, and (2) the court's December 6, 2013, order dismissing his amended complaint.  (*See* 2d Mot. for Recon. at 1.)

With respect to the court's October 21, 2013, order, Mr. Galyean simply repeats verbatim in his present motion much of his original argument for reconsideration of that order.  (*Compare* 1st Mot. for Recon. ¶¶ 1-29 *with* 2d Mot. for Recon. ¶¶ 1-3, 9-34.)  The court, however, already granted Mr. Galyean's motion for reconsideration of that order, and permitted Mr. Galyean an opportunity to file an amended complaint.  (*See generally* 12/2/13 Order.)  Following the court's order, Mr. Galyean timely filed an amended complaint.  (*See* Am. Compl.)  Thus, the court has provided Mr. Galyean the relief he

---

[1] Rule 59(e) provides that a court may alter or amend a judgment.  Fed. R. Civ. P. 59(e).  Absent "other, highly unusual, circumstances," reconsideration pursuant to Rule 59(e) is appropriate only where (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law.  *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[2] Rule 60(a) allows the court to correct, on its own initiative or on the motion of any party, a clerical mistake in a judgment, order, or other part of the record.  Fed. R. Civ. P. 60(a).  A court may amend its decision under Rule 60(a) so long as the change is consistent with the court's original intent.  *Harman v. Harper*, 7 F.3d 1455, 1457 (9th Cir. 1993).

[3] Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for six reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).

1 requested with respect to the court's October 21, 2013, order, and he provides no basis for any additional relief with respect to that order.

The court finds no basis in Mr. Galyean's motion for reconsidering its December 12, 2013, order dismissing Mr. Galyean's amended complaint. The remainder of Mr. Galyean's motion (1) incorrectly asserts that the court failed to follow Supreme Court precedent (2d Mot. for Recon. ¶¶ 4-8, 36), (2) continues to rely on discredited theories related to federal income taxation (*see id.* ¶¶ 37-40) that the court has twice rejected in this proceeding (9/20/13 Order at 3-5; 12/6/13 Order at 7), and (3) otherwise fails to set forth a coherent legal argument or factual basis for reconsideration of the court's December 12, 2013, dismissal order (2d Mot. for Recon. ¶¶ 35, 41-42). Finding no basis under Rules 59 or 60 for reconsideration of its prior order, the court denies Mr. Galyean's motion for reconsideration. *See* Fed. R. Civ. P. 59, 60.

### IV. CONCLUSION

Based on the foregoing, the court DENIES Mr. Galyean's motion for reconsideration (Dkt. # 22).

Dated this 12th day of February, 2014.

*[signature]*

JAMES L. ROBART
United States District Judge